**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL R. CONROY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-928-W |
| | ) | |
| TOM KUTAY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Michael R. Conroy, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings).  It is recommended that the Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction.  It is further recommended that the dismissal be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

**I.     Plaintiff's Claims**

Plaintiff is currently incarcerated in the Logan County Jail.  The sole defendant named in the Complaint, Tom Kutay, is identified as the deputy sheriff for Logan County, Oklahoma.  According to Plaintiff, Defendant Kutay investigated the criminal felony case leading to Plaintiff's arrest and conviction.  Complaint at 1.  In stating the background of the case, Plaintiff states that during Plaintiff's sentencing retrial, Defendant Kutay admitted that he accepted the gift of a computer from the complaining witness.  Plaintiff characterizes the

"gift" as a "bribe." Complaint at 2. Further, according to Plaintiff, the district attorney admitted on the record that Defendant Kutay had "'botched' the investigation" by failing to establish a crime scene, failing to maintain a crime scene log, falsifying the investigator's log, failing to maintain the chain of custody for a knife allegedly used in the crime, failing to photograph the scene, failing to take measurements at the crime scene, failing to make drawings or sketches of the crime scene, and by allowing the victim to be the "defacto investigator." Complaint at 2.

Plaintiff asserts two claims. In Count 1, Plaintiff alleges that he was deprived of a fair and impartial trial in violation of the Due Process Clause. In Count 2, Plaintiff asserts that Defendant Kutay accepted a bribe from the complaining witness. As his request for relief, Plaintiff asks that Defendant Kutay be "barred from acting in any law enforcement capacity or office for a minimum of five years and face any other legal sanctions and/or charges applicable under Federal law." Complaint at 5.

## II.    Grounds for *Sua Sponte* Dismissal

In determining whether dismissal of a complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

*Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).   "[B]are assertions"

consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional

. . . claim," however, "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*,

___ U.S. ___, 129 S.Ct. 1937, 1951 (2009) (*citing Twombly*, 550 U.S. at 554-555).  Rejection

of "bald allegations" of constitutional violations is not based "on the ground that they are

unrealistic or nonsensical." *Id.*   Rather, it is the conclusory nature of the allegations, even

those that are not "extravagantly fanciful [in] nature," that "disentitle [them] to the

presumption of truth." *Id.*   Where, as here, the litigant appears *pro se*, the Court construes

the complaint liberally.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Federal courts have a duty to determine their own jurisdiction.  *See Tuck v. United

Services Automobile Association*, 859 F.2d 842, 844 (10th Cir. 1988).   "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3).  In reviewing the sufficiency of a complaint under Fed. R.

Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, the court "must accept the allegations

in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

**III.   Analysis**

In this case, Plaintiff has asserted no facts to support his conclusory claim that he did

not receive a fair and impartial trial because of due process violations.  Instead of stating

supporting facts, he makes an unspecified reference to "trial transcript, resentencing trial

commencing August 3, 2009."  Complaint at 3.  Plaintiff's bare and conclusory assertions

of constitutional violations without supporting facts are insufficient to state a civil rights

claim.  Moreover, if Plaintiff is intending to challenge the validity of his conviction on due process grounds, he must petition this Court for a writ of habeas corpus after he has exhausted his state court remedies.   Federal habeas relief is the exclusive remedy for state prisoners challenging the fact or duration of  confinement.  *See Prieser v. Rodriguez*, 411 U.S. 475, 489 (1973).  In contrast, Section 1983 provides the proper remedy for prisoners alleging unconstitutional conditions of confinement.  *See id.* at 498-99.  Neither Plaintiff's allegation concerning the alleged bribery of the investigating officer by the victim nor his allegation that the district attorney stated the investigator "botched" the investigation can be construed as challenging the conditions of his confinement.  Therefore, his allegations do not state a federal civil rights claim pursuant to 42 U.S.C. § 1983.

Additionally, Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction.  Where a complaint seeks recovery directly under the Constitution or the laws of the United States, an exception to subject matter jurisdiction lies when "'such a claim is wholly insubstantial and frivolous.'"  *See Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *accord Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)).

Here, Plaintiff is seeking as relief from this Court an order barring Defendant Kutay from holding any job related to law enforcement for a period of five years. Such relief is not available in a civil rights action. In essence, Plaintiff seeks a writ of mandamus, and this Court is without jurisdiction to order such relief as to a state officer or state agency. *See* 28 U.S.C. § 1361 ("The district courts have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff.") ( emphasis added). *See also Amisub (PSL), Inc. v. Colorado Department of Social Services*, 879 F.2d 789, 790 (10th Cir.1989) ("No relief against state officials or state agencies is afforded by § 1361."); *Sockey v. Gray*, 159 Fed. Appx. 821, 822 (10th Cir. 2005) (unpublished op.) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."). Plaintiff's action, therefore, does not seek relief that can be granted by this Court and should be dismissed on that ground as well.

### RECOMMENDATION

It is recommended that Plaintiff's action be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. To the extent that Plaintiff seeks a writ of mandamus, his claims should be dismissed with prejudice. The dismissal should be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by November ___19th___, 2009. *See* LCvR 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this ___30th___ day of October, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE