IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
DEC 22 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| MICHAEL R. CONROY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-09-928-W |
| TOM KUTAY, | ) ) ) |
| Defendant. | ) |

## ORDER

On October 30, 2009, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended not only that the complaint filed by plaintiff Michael R. Conroy, proceeding pro se, be dismissed, but also that the dismissal be counted as a "prior occasion" or "strike" pursuant to title 28, section 1915(g) of the United States Code. Conroy was advised of his right to object to the Report and Recommendation, but no objection was filed by November 19, 2009, the time designated by Magistrate Judge Couch for filing objections.

Upon review of the record, the Court concurred with Magistrate Judge Couch's suggested disposition of this matter and on November 25, 2009, it adopted the Report and Recommendation and dismissed Conroy's complaint. The Court noted in its Order that the Report and Recommendation had been mailed on November 4, 2009, by the Clerk of the Court to the address listed by Conroy in his complaint: 216 S. Broad Street, Guthrie, Oklahoma 73044. See Rule 5.5(a), Rules of the United States District Court for the Western District of Oklahoma (papers sent to last known address deemed delivered).

After the Court's Order was issued, the Clerk received that same day a letter from Conroy advising that he had been transferred to Lexington Assessment and Reception Center, and he requested that the Clerk change the records to reflect his new address. See Doc. 17. Conroy also advised the Court that he had requested the Logan County Jail, his former place of incarceration, to forward his mail, but that it had not done so.

In light of these circumstances, the Court on November 30, 2009, vacated its Orders [Docs. 15, 16] issued on November 25, 2009, and directed the Clerk to mail to Conroy a copy of Magistrate Judge Couch's Report and Recommendation [Doc. 13] issued on October 30, 2009, as well as a copy of the Court's Orders [Docs. 15, 16] filed on November 25, 2009. The Court also directed Conroy to file his objections, if any, on or before December 14, 2009, to the Report and Recommendation, and advised Conroy that once it had received and reviewed his objections, if any, it would reconsider Magistrate Judge Couch's findings and conclusions in light of the arguments and authorities Conroy had presented.

The matter now comes before the Court on Conroy's Objection to the Report and Recommendation [Doc. 19] file-stamped December 8, 2009. Upon de novo review of the record, including the objections raised by Conroy to the Report and Recommendation, the Court again concurs with Magistrate Judge Couch's suggested disposition of this matter.

Conroy named as the sole defendant in this case, Tom Kutay, who was identified as the Logan County Deputy Sheriff who conducted the investigation giving rise to Conroy's arrest and conviction.

Conroy grounded his claims and his prayer for relief on his contention that Kutay accepted a bribe–the "gift" of a computer–from the complaining witness. In his prayer for

relief, Conroy requested that Kutay

> be barred from acting in any law enforcement capacity or office for a minimum of five years and face any other legal sanctions and/or charges applicable under federal law.

Complaint at 5, Section E.[1]

The Court finds under Rule 12(b)(6), F.R.Civ.P., that Conroy's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court further finds that Conroy is, in essence, seeking a writ of mandamus under title 28, section 1361 of the United States Code, and extant case law teaches that this Court is without jurisdiction under section 1361 to order such relief in connection with a state officer.

The Court further finds that Conroy's belated contention that he is not attempting to challenge the validity of his conviction under title 42, section 1983 of the United States Code but rather is seeking federal habeas relief under title 42, section 2254 of the United States Code, which is the exclusive remedy for state prisoners challenging the fact or

---

[1] In his Objection to the Report and Recommendation, Conroy has stated that he

withdraws his request for the Court to restrict defendant Kutay's employment in law enforcement and asks this Court to grant relief referred to as "any other legal sanctions" in Plaintiff's original Petition. Specifically $1,256,000.00 in actual damages and $5,000,000.00 in punitive damages. The actual damages are to compensate Plaintiff for the following losses directly caused by defendant Kutay's improper actions.

| | |
|---|---:|
| A. House and 3 acres of Crystal Lake | $ 175,000.00 |
| B. Truck | 6,000.00 |
| C. Household furnishings, tools, artwork and computers and electronics | 75,000.00 |
| D. 13 literary properties and movie rights | 1,000,000.00 |

Objection to the Report and Recommendation at 3, ¶ 3.

duration of confinement, does not prevent dismissal of the instant matter.[2] As Magistrate Judge Couch noted in the Report and Recommendation, if Conroy

> is intending to challenge the validity of his conviction on due process grounds, he must petition this Court for a writ of habeas corpus after he has exhausted his state court remedies.

Report and Recommendation at 4. Conroy has not sufficiently demonstrated that he has exhausted his state court remedies with regard to the issues in this lawsuit prior to bringing the instant action; thus, even if the Court were to liberally construed the instant complaint as one brought under section 2254, it would be subject to dismissal.[3]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on October 30, 2009;

(2) DISMISSES Conroy's complaint file-stamped August 2, 2009, for failure to state a claim to relief under Rule 12(b)(6) and for lack of subject matter jurisdiction;

(3) DISMISSES with prejudice Conroy's request for mandamus relief; and

(4) ORDERS that this dismissal shall be counted as a "prior occasion" or "strike" pursuant to section 1915(g) after Conroy has exhausted or waived his right to appeal.

ENTERED this 22nd day of December, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] Federal habeas relief seeks the remedy of immediate release or a shortened period of confinement. In contrast, an action under section 1983 seeks monetary compensation. See n.1.

[3] If Conroy intends to pursue federal habeas relief, he may file an application for a writ of habeas corpus pursuant to 42 U.S.C. § 2254 after he exhausts his state remedies, if such remedies have not been exhausted.